NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

KA07-60

STATE OF LOUISIANA

VERSUS

CARL E. POLK

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 05-1553
HONORABLE GERALD B. WATTINGLY

**********

**GLENN B. GREMILLION
JUDGE**

**********

Court composed of Sylvia R. Cooks, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**

**Hon. J. Phillip Haney
District Attorney, 16th JDC
300 Iberia Street, Suite 200
New Iberia, LA 70560
(337) 369-4420
COUNSEL FOR APPELLEE:**
       **State of Louisiana**

**Carl E. Polk, Pro Se
307 Candleglow Drive
New Iberia, LA 70563**

**Gremillion, Judge.**

The Defendant, Carl E. Polk, was charged by bill of information with dogs not to run at large, a violation of La.R.S. 3:2771. On May 2, 2006, the defendant and the State entered a consent judgment, stating that the defendant's dogs were "Dangerous Dogs" within the meaning of La.R.S. 14:102.12 et seq. The judgment also ordered the Defendant to keep the dogs enclosed except under limited circumstances, to post warning signs, and to inform the Iberia Parish Animal Warden of any changes in the dogs' condition or location. One of the dogs died. Thereafter, the State filed a Motion and Order to Euthanize the remaining dog. Following a hearing held on September 26, 2006, the trial court ordered the Defendant to pay the costs of boarding the dog and the costs of the proceedings. The trial court also ordered that the dog be put up for adoption by someone other than the Defendant or his family. On October 26, 2006, the Defendant filed a Motion for Appeal which was granted by the trial court.

On January 18, 2007, this court issued a rule to show cause why the appeal in this case should not be dismissed as the judgment at issue is not appealable. The Defendant failed to submit a response to the rule to show cause.

The proper procedural vehicle for the Defendant to seek review of the proceedings stemming from his misdemeanor charge is via supervisory writs. La.Code Crim.P. art. 912.1. Therefore, the appeal in this case is hereby dismissed. The Defendant-Appellant, Carl E. Polk, is hereby permitted to file a proper application for supervisory writs in compliance with Uniform Rules—Court of Appeal, Rule 4, no later than thirty days from the date of this decision. The Defendant is not required to file a notice of intent to seek writs nor obtain an order setting a return date pursuant to Uniform Rules—Courts of Appeal, Rule 4-3, as we hereby construe the motion for appeal as a timely filed notice of intent to seek a supervisory writ.

1

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**

2